AMERICAN TRAVEL & HOTEL DIRECTORY Co., INC., Plaintiff, *v*.
THE ROYCROFTERS, Defendant.

Supreme Court, Erie County, November 4, 1925.

Contracts — fraud — action to recover on advertising contract — contract consisted of four-page printed questionnaire couched in terms intended to bind signatories thereto to money obligation — said instrument, drawn with fraudulent intent, contained no obligation or promise to pay — payment of fifty dollars by defendant not accord and satisfaction — signature to contract obtained by intentional deceit — plaintiff not innocent assignee.

Plaintiff is not entitled to judgment, in an action to recover additional payments under an alleged advertising contract consisting of a four-page printed questionnaire, couched in terms intended to bind all who signed the questionnaire to a money obligation, where it appears that said instrument contained no obligation or promise to pay, and that, although there was no false statement made, either orally or in writing, yet there was actual fraud upon the part of the one who drew the instrument in so wording the same that, in spite of careful study, a doubt remained as to whether the instrument carried with it an obligation to pay.

The payment of fifty dollars by the defendant was not an accord and satisfaction, but merely a payment made in the hope that the balance of the claim would not be pressed.

The relations between the plaintiff and its assignor were too close to admit of a claim that the plaintiff was an innocent assignee, and its claim is, therefore, tainted with the fraud of its assignor.

ACTION to recover payments under an alleged advertising contract.

*Saperston, McNaughton & Saperston*, for the plaintiff.

*Penney, Persons, Blair & Nye*, for the defendant.

HINKLEY, J.:

The above-entitled action was tried before this court upon a stipulation waiving a jury. Plaintiff, as assignee, seeks to recover from defendant, upon the claim of plaintiff that defendant bound itself to pay the sum of fifty dollars a year for three years, for advertising space in "The Hotel Book" to be published by plaintiff's assignor, Henry Sweetsson, Inc. Defendant paid for one insertion, not knowing that it had been innocently distorted, and now resists further payment.

Unaided by legal counsel, which would have advised open, honest and fair dealing, one Henry Sweetsson sent broadcast through the mail a four-page, printed document to hotel men and others. A careful study of the entire document indicates that Sweetsson intended that all who signed the questionnaire upon the back page of the document should be bound to pay the sum of fifty dollars each year for a period of three years for so-called classified advertising. Although no oral representations were made, it is apparent that great skill was employed in drafting the document to deceive hotel men into the belief that the signing of the questionnaire was without obligation to pay. This case calls, not for the construction of a contract, proper in form, nor is defendant in the position of one who unwittingly signed a perfectly plain contract without reading its contents. The questionnaire contains no obligation or promise to pay. It is only by careful study of the entire four pages that it becomes apparent that Sweetsson intended to bind the signers of the questionnaire to a money obligation.

We thus have a document containing no express promise to pay and couched in terms intended to deceive persons into the belief that the signing of the questionnaire on the back of the document was without obligation to pay.

"If a mistake on the part of one of the parties to an agreement is caused by the other, it may entitle him to avoid the contract on the ground of fraud." (9 Cyc. 395.)

Although there was no false statement made, either orally or in writing, yet there is actual fraud upon the part of the one who drew the instrument in so wording the same that even those who study it carefully are in doubt as to whether the signing of the questionnaire carried with it an obligation to pay. To enforce such a contract would be but to lend the aid òf the court to the artifice and trick of men who desired to sell their wares, not by honest dealing, but by intentional deceit. The payment of fifty dollars by defendant was not an accord and satisfaction, but was properly made in the hope that the balance of the claim would not be pressed, and was not an acknowledgment of the debt. The relations between the plaintiff and its assignor, Sweetsson, Inc., were too close to admit of a claim that the plaintiff was an innocent assignee, and its claim is tainted with the fraud of Sweetsson, Inc.

Judgment may be entered in favor of defendant against plaintiff, with costs.